**1048**

John R. Atwood, (orally), Dist. Atty., Rockland, for plaintiff.

Frederick M. Newcomb, III, Jane Surran Pyne, (orally), Rockland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

A Superior Court jury in Knox County found defendant James Bennett guilty of having committed, at about midnight on January 13, 1985, burglary of a locked and unoccupied building in Rockland used by a women's alcoholic counseling service. 17–A M.R.S.A. § 401 (1983). Responding to a call triggered by a silent alarm, the police found defendant with two companions hiding in the building. Evidence at trial showed that the building had been forcibly broken into and rummaged as if in a search for valuables.

■ On appeal defendant contends, solely on the basis of M.R.Evid. 403, that the presiding justice erred in admitting in evidence the 18-inch pinchbar that one of defendant's companions had in his possession when the police found the trio in the building. Plainly it was well within the scope of the court's discretion to rule that any danger of unfair prejudice did not outweigh the probative value of that physical exhibit. *State v. Lagasse,* 410 A.2d 537, 541 (Me. 1980).

■ Defendant also contends that the jury had before it insufficient evidence to convict him of burglary. In particular, he asserts that his intoxication at the time he entered the building raised a reasonable doubt as to the existence at that time of the required specific intent to commit theft therein. 17–A M.R.S.A. § 37 (1983). After reviewing the evidence presented at trial, however, we cannot say that no trier of fact could rationally find beyond a reasonable doubt every element of the crime of burglary with which defendant was charged. *State v. Durgan,* 467 A.2d 165, 166 (Me.1983).

The entry is:

Judgment affirmed.

All concurring.

**In re JOHN M., et al.**

Supreme Judicial Court of Maine.

Argued Jan. 9, 1986.

Decided Jan. 13, 1986.

Butler, Whittier, & LaLiberty, P.A., James M. LaLiberty, (orally), Waterville, for Shirley M.

William N. Lund, (orally), Asst. Atty. Gen., Augusta, for Dept. of Human Services.

Levine, Bishop & Levine, Ronald L. Bishop, (orally), Waterville, Guardian ad litem.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

## MEMORANDUM OF DECISION.

The mother of three minor children appeals from an order of the District Court, Augusta, terminating her parental rights. She contends the evidence does not support the court's finding that she is unable to protect her children from jeopardy. Our review of the record discloses that the court's finding is supported by clear and convincing evidence as required by 22 M.R.S.A. § 4055(1)(B)(2) (Supp.1983–1984) then in effect.

The entry is:

Judgment affirmed.

All concurring.

## STATE of Maine

v.

## VANCE C.

Supreme Judicial Court of Maine.

Argued Jan. 9, 1986.

Decided Jan. 13, 1986.

William Baghdoyan, (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Goodspeed & O'Donnell, Joseph M. O'Donnell, (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

## MEMORANDUM OF DECISION.

The District Court (Augusta), sitting as the Juvenile Court, adjudged that defendant Vance C. had committed two juvenile crimes, burglary and theft by unauthorized taking, 17–A M.R.S.A. §§ 401, 353 (1983). On appeal the Superior Court (Kennebec County) affirmed, and so do we. The standard of review of the sufficiency of the evidence to support that adjudication is the same as in an adult criminal case. *State v. S.* * * * *G.* * * *, 438 A.2d 256, 258 (Me. 1981). On reviewing all of the evidence before the Juvenile Court, we cannot say that no trier of fact could rationally conclude beyond a reasonable doubt that Vance C. committed the juvenile crimes alleged in the petition. *See State v. Durgan*, 467 A.2d 165, 166 (Me.1983).

The entry is:

Judgment affirmed.

All concurring.

## STATE of Maine

v.

## George GREEN, Jr.

Supreme Judicial Court of Maine.

Argued Jan. 14, 1986.

Decided Jan. 16, 1986.